# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES T. O'DANIEL,

   Petitioner,

          Case No. 1:11-cv-115

          District Judge Michael R. Barrett
 -vs-         Magistrate Judge Michael R. Merz

ROBIN KNAB, Warden, Chillicothe
 Correctional Institution,

   Respondent.

## REPORT AND RECOMMENDATIONS

   This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is confined in Respondent's custody on conviction in the Highland County Common Pleas Court on his plea of no contest to ten counts of illegal use of a minor in nudity-oriented material, one count of possession of criminal tools, and one count of possession of dangerous ordnance.  He is serving an aggregate sentence of fifty-one years.

   Petitioner pleads one ground for relief: "[t]he trial court violated Appellant's Eighth Amendment, made applicable to the States by the Fourteenth [sic] Amendment right against cruel and unusual punishment by sentencing him to a term of fifty one [sic] years in prison." (Petition, Doc. No. 1, PageID 5.)

   In the Return of Writ, the Warden concedes the claim is preserved for merit review, i.e., that it was filed within the statute of limitations, that the claim is exhausted, and that review is not barred by a procedural default in presenting the case to the state courts.  (Return of Writ, Doc. No. 9,

PageID 29-32.)

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Put another way, a habeas petitioner who received a decision on the merits of his claim in state court must ground his habeas claim on holdings of the United States Supreme Court and show that the state courts unreasonably applied them. Petitioner's claim is without merit because there is no United States Supreme Court precedent which commands a different result than that reached by the Ohio courts in this case.

Petitioner was sentenced on April 30, 2008, by Judge Jeffrey Hoskins of the Highland County Common Pleas Court. He was represented at sentencing by the same counsel who represents him in the instant proceeding (Sentencing Tr. Doc. No. 12, PageID 243). Judge Hoskins had received a sentencing memorandum from Petitioner and asked counsel for both parties to address certain questions in their presentations, including the age of the victims, the question whether sentences should be concurrent or consecutive, and the appropriate weight to be given to the seriousness of the conduct and the criminal history of the offender. *Id. at* PageID 243-246.

The State's presentation included showing the photographs which had been taken and noting that the maximum sentence was eighty-two years. *Id.* at PageID 248. The prosecutor noted that, even after *State v. Foster*, 109 Ohio St. 3d 1, 29 (2006), had restored a great deal of sentencing discretion to Ohio judges, the two principal purposes of felony sentencing to be considered were

appropriate punishment of the offender and protecting the public from recidivism. *Id.* at PageID 249. Although this was a one-time offense, the prosecutor told the judge that Petitioner had encouraged the co-defendant to babysit her granddaughters again so he would have another opportunity. *Id.* at PageID 251. Lack of remorse upon initial confrontation was mentioned as a likely recidivism factor. *Id.* at PageID 252. Ultimately the prosecutor asked for a sentence of seventy-four years. *Id.* at PageID 255. The prosecutor admitted that the victims may well have been asleep throughout the photographing, so there was no physical harm and no emotional harm had yet been exhibited. *Id.* at PageID 256.

Petitioner's counsel argued that, because he was fifty years old at the time of sentencing, a seventy-four year sentence would be a *de facto* life sentence. *Id.* at PageID 261. He and the court had some colloquy on the question whether these were separate offenses under the Ohio allied offense statute, Ohio Revised Code § 2941.25. *Id.* at 261-269.

As to prior record, the prosecutor pointed out Petitioner had previous convictions for assault twice, aggravated menacing, and violation of a protection order. *Id.* at PageID 269. The Bureau of Criminal Investigation at the time Petitioner's home was searched discovered "4, 733 images of child pornography on his computer that he had been trading over the Internet," indicating that these pictures could also have been traded. *Id.* at 270.

In imposing sentence, Judge Hoskins said he was considering the age of the victims. *Id.* at PageID 282. He noted that the victims apparently slept through the photographing. *Id.* He noted that Petitioner was "entrusted with the children's care and safety." *Id.* He recited Petitioner's prior convictions for trespass, carrying a concealed weapon, disorderly conduct, aggravated menacing, and sixteen traffic violations. *Id.* He reviewed a number of prior cases in which he had imposed

sentence and there was a child victim. *Id.* at PageID 283-285. He considered it his duty "to fashion a sentence here that is not disproportionate to this Court's previous sentences regarding what the Court considers similar crimes by similar defendants." *Id.* at PageID 285. He expressly found that consecutive sentencing was necessary to adequately protect the public and punish the defendant. *Id.* He then imposed the sentence of fifty-one years and no party had any post-sentence comments. *Id.* at PageID 286.

On appeal the court stated the background facts as follows:

> [*P3] Appellant was Judy Cordy's live-in boyfriend. Sometime between August 1, 2005 and October 1, 2005, Cordy's daughter dropped off her children (ages two and five) to spend the night with their grandmother. After the girls fell asleep, appellant and Cordy posed the girls so as to expose their genitals in a sexually suggestive way. Appellant took eight polaroid photographs, then handed Cordy the camera. Cordy took photographs of appellant (1) with his penis next to one girl's mouth, and (2) with his penis next to one girl's vagina.
>
> [*P4] Nearly two years later, the Highland County Sheriff's Office received a tip that appellant possessed child pornography. After authorities executed a search warrant at the home, they found the photographs of Cordy's granddaughters, a polaroid camera and a sawed-off shotgun. Subsequently, the Highland County Grand Jury returned an indictment, charging appellant with the offenses mentioned above, as well as two counts of gross sexual imposition. Appellant initially pled not guilty, but later agreed to plead "no contest" in exchange for dismissal of the two gross sexual imposition charges.
>
> [*P5] On March 27, 2008, after ensuring that appellant understood his constitutional rights, the trial court accepted appellant's pleas and found him guilty. At the April 30, 2008 sentencing hearing, the trial court imposed five year prison sentences on each of the ten counts of illegal use of a minor in nudity-oriented material, and six months each for possession of criminal tools and dangerous ordinance. The court also ordered the sentences to be served consecutively for a total sentence of fifty-one years in prison. This appeal followed. [footnotes omitted]

*State v. O'Daniel*, Case No. 08CA13, 2009 Ohio 2241, 2009 Ohio App. LEXIS 1887 (Ohio App. 4th Dist. May 8, 2009).

Petitioner pled his claim for relief here as his First Assignment of Error on appeal, which the court of appeals decided as follows:

> [*P6]   Appellant asserts in his first assignment of error that the fifty-one (51) year prison sentence constitutes "cruel and unusual punishment" and violates his rights under the Eighth Amendment to the United States Constitution. We disagree.
>
> [*P7]   The Eighth Amendment states that "cruel and unusual punishment" shall not be inflicted on criminal defendants. [footnote omitted indicating analysis is limited to federal constitution] This prohibition applies to the states through the Due Process Clause of the Fourteenth Amendment. See *Wilson v. Seiter* (1991), 501 U.S. 294, 296-297, 111 S.Ct. 2321, 115 L.Ed.2d 271; *Robinson v. California* (1962), 370 U.S. 660, 667, 82 S.Ct. 1417, 8 L.Ed.2d 758. Although originally designed to prohibit such acts as torture, Eighth Amendment jurisprudence in modern times has expanded to other areas including questions about sentences that are, arguably, disproportionate to the crimes that were committed. *State v. Weitbrecht* (1999), 86 Ohio St.3d 368, 370-371, 1999 Ohio 113, 715 N.E.2d 167. For penalties to violate the Eighth Amendment, they must be so greatly disproportionate to the crimes committed that they not only shock the reasonable person, but also the sense of justice of the community. *Id.*
>
> [*P8]  In the case sub judice, appellant asserts that his fifty-one year cumulative prison sentence is disproportionate to the offenses that he committed. The flaw in his argument, however, is  that he looks to the cumulative total of his combined sentences. The Ohio Supreme Court has recently ruled that, for purposes of Eighth Amendment proportionality review, we must focus on individual sentences rather than the cumulative impact of the multiple sentences imposed consecutively. *State v. Hairston*, 118 Ohio St.3d 289, 888 N.E.2d 1073, 2008 Ohio 2338, at P20. Thus, if an individual prison sentence is not grossly disproportionate to the offense committed, an aggregate prison sentence resulting from the consecutive imposition of the sentences does not constitute cruel and unusual punishment for purposes of the Eighth Amendment. *Id* at the syllabus.

> [*P9] The illegal use of a minor in nudity-oriented materials is a second degree felony. R.C. 2907.323(B). Allowable prison terms for second degree felonies range from two to eight years. R.C. 2929.14(A)(2). The five year prison term appellant received falls in the middle range of the permissible sentence. In view of the facts of this case, we cannot conclude that appellant's five year sentence shocks the conscience. Therefore, we find no Eighth Amendment violation and the first assignment of error is hereby overruled. [footnote omitted]

*State v. O'Daniel, supra.* The Ohio Supreme Court declined review. *State v. O'Daniel*, 122 Ohio St. 3d 1507 (2009). The Highland County Court of Appeals opinion is thus the last reasoned state court opinion on the Petitioner's claim and the one this Court must review for objective reasonableness. *Ylst v. Nunnemaker*, 501 U.S. 797 (1991).

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment by the federal government. The Due Process Clause of the Fourteenth Amendment makes the Eighth applicable to the States. *Robinson v. California*, 370 U.S. 660, 667 (1962).

Petitioner begins his argument by citing Justice Kennedy's concurrence in *Harmelin v. Michigan,* 501 U.S. 957 (1991), to the effect that "[t]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id.* at 1001. He then recites the facts of the cases referred to by Judge Hoskins and notes that the offenders in those cases had all physically violated their victims, in one case causing death (Petition, Doc. No. 2, PageID 9). He then argues that Judge Hoskins "made no attempt to show how these cases were similar other than the fact that children were involved." *Id.* He then compares the sentence in this case with sentences imposed in other courts in Ohio on multiple count convictions of illegal use of a minor in nudity-oriented performances. *Id.* at PageID 9-11. Petitioner repeats much of the same analysis verbatim in his

Traverse (Doc. No. 15, PageID 299-302).

Petitioner's argues in the Traverse that this is a *de facto* life sentence since he was nearly fifty when sentenced and few people live to be one hundred (Doc. No. 15, PageID 303). He notes that there was no physical harm to the victims and claims, without citation, that "no state requires that an inmate serve a *de facto* life sentences for the offenses that Petitioner was convicted of." *Id.* at PageID 304. He posits that the only penological goal of this sentence must be retribution and notes the Supreme Court has said that "[t]he heart of the retribution rationale is that a criminal sentence must be directly related to the personal culpability of the criminal offender," *Id. at* PageID 305*, citing Tison v. Arizona*, 481 U.S. 137, 149 (1987).

Petitioner is not entitled to habeas corpus relief.

First of all, the Supreme Court has never recognized the category of "de facto life sentences" for analyzing cruel and unusual punishment claims. All of its life sentence cruel and unusual punishment cases have been *de jure* life sentences.

- In *Solem v. Helm*, 463 U.S. 277 (1983), it held unconstitutional a sentence of life without parole for a seventh nonviolent felony conviction.

- In *Harmelin v. Michigan,* 501 U.S. 957 (1991), it upheld a life without parole sentence for possession of a large quantity of cocaine.

- The Court upheld a 25-to-life sentence under the California three strikes law for theft of golf clubs. *Ewing v. California*, 538 U.S. 11 (2003).

- It upheld a sentence of life with parole possibility for a third nonviolent felony in *Rummel v. Estelle*, 445 U.S. 263 (1980).

- It upheld a sentence of forty years for possession of marijuana with intent to distribute in

    *Hutto v. Davis,* 454 U.S. 370 (1982).

- In *Graham v. Florida,* 560 U.S. ___, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010), the Court found unconstitutional any sentence of life imprisonment without possibility of parole for a person under eighteen at the time the offense was committed.

None of these cases even suggest that a court must consider whether a person is likely to survive a prison sentence before imposing it in order to avoid violating the Cruel and Unusual Punishment Clause.

    In *Harmelin* the Court noted that "fixing of prison terms for specific crimes involves a substantial penological judgment that, as a general matter, is properly within the province of the legislature, and reviewing courts should grant substantial deference to legislative determinations." 501 U.S. 959 (syllabus) The Ohio General Assembly has classified this particular offense as a second-degree felony for which the penalty is a definite sentence of two to eight years. That determination includes weight for the fact that children are victims, but does not require any proof that they were physically or emotionally harmed. Judge Hoskins imposed a sentence on each count at exactly the midpoint of that range – five years.

    There is little doubt that these were separate offenses. The children were posed differently for the different photographs and Petitioner appeared in several of them, which were shot by his girlfriend. Petitioner did not even raise an allied offenses assignment of error on direct appeal. But Petitioner's claim relates to the fifty-one years total confinement as if it were punishment for one crime, rather than ten. As the court of appeals noted, the Ohio Supreme Court has ruled that Ohio courts conducting proportionality review under the Eighth Amendment must focus on individual sentences rather than the cumulative effect of consecutive sentences. *State v. O'Daniel, supra*, at

¶ 8, *citing State v. Hairston*, 118 Ohio St. 3d 289 (2008). Petitioner objects to this, noting that it is United States Supreme Court precedent which must be consulted. However, he fails to cite any case in which the Supreme Court has applied the Cruel and Unusual Punishment Clause to a cumulative sentence. If there is no such holding from the Supreme Court, then the court of appeals' decision in this case can hardly be contrary to or an unreasonable application of such precedent. And the Supreme Court has recently upheld state consecutive sentencing without requiring jury intervention because the determination that sentences should be consecutive has traditionally been within the judge's discretion and consecutive sentences were automatic for multiple convictions at common law. *Oregon v. Ice*, 555 U.S. 160 (2009).

If upon initial view the sentence here seems unduly harsh, the Magistrate Judge notes that Petitioner's conduct could have been prosecuted federally under 18 U.S.C. § 2251 as it involved the creation of child pornography with materials (a Polaroid camera and film) which had moved in interstate commerce. Each count of conviction under that statute carries a mandatory minimum sentence of fifteen years. Petitioner here rejected a plea bargain under which he would have served only twenty years.

As a sentencing judge, the undersigned might well not have imposed this severe a sentence. But a habeas court does not sit to revisit sentencing decisions of state judges unless they violate the Constitution. And based on the foregoing analysis, it cannot be said that the court of appeals' decision was contrary to or an objectively unreasonable application of Supreme Court law.

It is therefore respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied any requested certificate of appealability and the Court should certify to the Sixth Circuit that any appeal

would not be taken in objective good faith.

March 20, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

J:\Documents\O'Daniel Habeas R&R.wpd